N. L. Wragg, Administratrix, *v.* E. Kelley.

---

## N. L. WRAGG, Administratrix, *v.* E. KELLEY.

1. COUNTY COURT: ATTACHMENT. — The *County Court has jurisdiction of attachments sued out upon debts, not exceeding two hundred and fifty dollars, contracted after the passage of the County Court Law, and upon the same grounds as provided in article 2, page 372, of the Revised Code.*

N. L. Wragg, Administratrix, *v.* E. Kelley.

2. SAME: SAME: REMOVAL OR ABOUT TO REMOVE FROM ONE COUNTY TO
ANOTHER. — The County Court has exclusive jurisdiction of an attachment
sued out alone on the ground that the debtor had removed or was about to
remove from the county where the debt or liability was contracted, pro-
vided the debt or liability does not exceed two hundred and fifty dollars,
and was contracted after the passage of the County Court Law.

3. ATTACHMENT CANNOT BE SUED OUT, BECAUSE OF THE REMOVAL OF THE
DEBTOR FROM ONE COUNTY TO ANOTHER, ON A DEBT CONTRACTED BE-
FORE THE PASSAGE OF COUNTY COURT LAW. — An attachment cannot be
sued out for a debt contracted before the passage of the County Court Law,
on the ground that the debtor had removed or was about to remove from
the county where the debt or liability was contracted.

ERROR to the Circuit Court of Winston county. Hon. H.
W. Foote, judge.

On the 26th day of February, 1868, plaintiff in error sued
out an attachment, before the clerk of the Circuit Court of
Winston county, against defendant in error, on the ground that
he was about to remove from the county of Winston, where the
debt was contracted, to the county of Holmes, and that the
indebtedness was created prior to the year 1865. The attach-
ment was made returnable to the Circuit Court of Winston
county. Defendant in error moved to quash the attachment
because of the insufficiency of the affidavit.

The motion was sustained.

*R. G. Rives* for plaintiff in error.

The solution of the question in this cause depends upon the
construction of the 27th section of " the act to establish County
Courts," approved November 24th, 1865, which provides " that
any person may sue out an attachment and . garnishment
against any debtor, removed, removing, or about to remove
from the county in which the debt or liability was contracted,
to any other county in this State, where the principal does
not exceed two hundred and fifty dollars, upon complying in
all other respects with the attachment and garnishment laws of
this State, and assigning cause for which an attachment and
garnishment may by law be authorized in any other case, but
returnable before the court having jurisdiction thereof, and

subject to all the laws, rules, and proceedings concerning attachments in other cases and courts, except as may be restricted in trial by this act."

The particular clause of this section about which, as I apprehend, the only difficulty of construction exists, is this — "and assigning cause for which an attachment and garnishment may by law be authorized in any other case."

What the legislature intended to require by this clause, I confess I am at some loss to determine. I think, however, they must have thereby had reference to the first part of art. 2, chap. 52, of the Revised Code of this State, which requires, as the chief foundation of any and all attachments, the existence of a debt or demand against the defendant. The same article, after providing that the plaintiff shall in *all* cases make oath to the amount of his debt or demand, goes on to provide that he shall then make oath to *some one fact, or combination of facts* thereinafter set forth, and proceeds to name seven different causes, some one of which must exist, in addition to the debt or demand, before the plaintiff will be entitled to a judgment. Now, by the clause under discussion, they certainly never intended that, in addition to the debtor's removal from the county, there must also exist some one of the seven causes above referred to. This construction would render this section inoperative and void of meaning, for if any one of those seven causes existed, the creditor was entitled to his remedy by attachment, whether the debtor had removed from the county or not; and thus it is seen that if this view of the statute obtains, then the legislature failed to do what was evidently its intention, viz., to enlarge the remedy by attachment.

Is it not more reasonable to suppose that the legislature intended by this section to add one more fact, the existence of which should be deemed a sufficient ground of attachment, and by the particular clause under discussion only intended that the plaintiff should make oath to the amount of his debt or demand, thereby "assigning causes" which had to be assigned in every one of the other seven causes?

It is hardly necessary to add, that the attachment was properly

brought in the Circuit Court, for the County Court could not have taken jurisdiction, the indebtedness having been incurred prior to the passage of the County Court Law. See sec. 24th of " An act to establish County Courts," " approved November 24th, 1865." Of course it was proper to make the attachment " returnable before the court having jurisdiction."

*W. S. Bolling* for defendant in error.

Previous to the passage of the County Court Law, no attachment could be sued out when the debtor was only removing from one county to another, and with the passage of the said County Court Law it can only be sued out in the County Court, and made returnable to the County Court. See County Court Law, § 27. It must also be upon a debt contracted *after* the passage of that law. See County Court Law, § 24. And the affidavit must show that the debt was contracted after the passage of the law.

The County Court Law does not propose to make any law except for the government of the County Court, and therefore an attachment could not be taken out under *that law*, returnable to the Circuit Court; and even if it did, still the same causes must exist, to wit: the debt must have been contracted prior to the passage of the law. In this case the affidavit shows that the debt sued on was contracted prior to the passage of the law; therefore the attachment ought not to be sustained, and the court below committed no error in sustaining the motion to dismiss. It is true, in the section 27 before referred to, these words are used : " But returnable before the court having jurisdiction thereof." This only, as I think, refers to the *County Court* of the proper county having jurisdiction of debts contracted before the passage of the County Court Law; that is, where the defendant or the property of the defendant may be found. If the County Court Law is so construed as to give the Circuit Court and County Court jurisdiction of cases where a person moves from one county to another, when the debt was contracted prior to the passage of the law, there will be no end to suits of this character, and no security or quiet for the citizen who so removes.

SHACKELFORD, C.J., delivered the opinion of the court.

This is a proceeding by attachment, returnable to the Circuit Court of Winston county, taken out before the clerk of said court, and returnable to the March Term, 1868, thereof.

The affidavit upon which the attachment was predicated is in these words:

" Personally appeared before me, J. J. McDaniel, Clerk of the Circuit Court in and for the County of Winston, N. L. Wragg, administratrix of the estate of David Wragg, deceased, who makes oath that E. Kelley is justly indebted to her, as said administratrix, in the sum of one hundred and thirty-five dollars, or thereabouts, and that said E. Kelley has removed from said county of Winston, where said indebtedness was created, to the county of Holmes, in the State of Mississippi, and that said indebtedness was created prior to the year A.D. 1865.

" N. L. WRAGG.

" Sworn to and subscribed this 26th day of February, 1868.

" J. J. McDANIEL, *Clerk.*"

The defendant in error moved to quash the attachment for the following reasons:

" 1st. Because the affidavit on which said attachment is issued does not contain causes therefor known to or recognized by the statute of this State."

The motion was sustained by the court, and the case is here by writ of error.

The only error assigned is, " that the court sustained defendant's motion and quashed plaintiff's attachment on account of the alleged insufficiency of the affidavit."

The affidavit in the case before us sets out as a ground for the suing out this attachment, " that the defendant in error has removed from the county of Winston, where the debt was contracted, to the county of Holmes, in this State."

That is clearly not a sufficient ground to predicate the issuance of an attachment under art. 2, p. 372, Revised Code.

If the attachment was properly issued, we have to find other authority than the Code.

It is insisted by counsel for plaintiff in error, that § 27 of the County Court Law, p. 80, Pamphlet Acts of 1865, gives the right to a creditor to sue out an attachment predicated upon such a ground as stated in the affidavit in the case at bar, returnable to the Circuit Court; that this section is a general enlargement of the attachment law applicable to Circuit Courts as well as to the County Courts.

That the words " but returnable before the court having jurisdiction thereof," were meant to give the Circuit Court jurisdiction of all cases where the County Court has not jurisdiction.

This section, it is true, is obscure, though we think this obscurity is sufficiently explained by the subsequent words of this section : " And subject to all the laws, rules, and proceedings concerning attachments in other *cases and courts,* except as may be restricted in *trial* by this act," to show that the provisions of this § 27 were intended solely for the County Court.

In section No. 24 of the same act : " Jurisdiction is given to the County Court in all cases, in all matters of debt, contract, accounts, assumpsit, trover, detinue, replevin, trespass, ejectment, and civil suits of every description at law and in equity, where the principal of the same, or amount of damage, or the balance of the property or thing, shall not exceed two hundred and fifty dollars."

" That said County Court shall have original *jurisdiction only over* debts contracted after the passage of this act."

The legislature, considering the jurisdiction of the County Courts not sufficiently defined in § 24 of the act, goes further in § 26 of the same act, and enacts that the said courts (county) may grant and take jurisdiction of all attachments and garnishments for persons, debts, rents, or property within the same, or amounts of its jurisdiction, and about its proceedings, upon the same grounds and causes, requirements and rules, provided in other cases for like process and proceedings in the Circuit Courts.

Under this section it seems manifest to us that the legislature

intended to confer upon creditors the right to sue out attachments on all debts contracted after the passage of the County Court Act, upon the same grounds as provided for by the Revised Code, p. 372, art. 2, returnable to the County Courts.

The legislature, it seems to us, did not intend to make it a condition precedent, that some one of the causes provided for in art. 2, p. 372, of the Revised Code should exist, as well as the fact that the debtor " had removed or was about removing from the county in which the debt or liability was contracted," before the attachment could be sued out.

It is only necessary to enable a creditor to sue out his attachment, who has a debt not exceeding two hundred and fifty dollars, contracted since the 24th of November, 1865, when his debtor has removed, or is removing, or about to remove to any other county in the State, from the county where the debt or liability was contracted.

Creditors have to pursue the law of the Revised Code, p. 372, art. 2, where debts were created before' the passage of the County Court Law.

They are clearly debarred from the remedy of attachment on debts created before the 24th November, 1865, under the provisions of § 27 of the County Court Law.   If we are right in our views of the law in question, the court did not err in quashing the attachment in the case before us.

Let the judgment be affirmed.